**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **ZAK SHAIK,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DAVID G. MORDY, *et. al*,**<br><br>**Defendants.** | **Case No. 24-CV-256-JFH-GLJ** |

**OPINION AND ORDER**

Before the Court are two Report and Recommendations entered by United States Magistrate Judge Gerald L. Jackson. Dkt. Nos. 80-81. In those Report and Recommendations, the Magistrate Judge recommends granting Defendant Judge Hunnicutt's Motion to Dismiss [Dkt. No. 74] and Defendant Carter County's Motion to Dismiss [Dkt. No. 76]. *See* Dkt. No. 80. The Magistrate Judge also recommends dismissing Plaintiff Zak Shaik's First Amended Complaint [Dkt. No. 53] against the remaining seven Defendants in this case. *See* Dkt. No. 81. Finally, the Magistrate recommends that Plaintiff be denied leave to amend. Dkt. No. 80. Plaintiff filed his Objections to the Magistrate Judge's recommendations in a single docket entry, where he again seeks leave to amend. Dkt. No. 82. For the following reasons, the Court OVERRULES Plaintiff's Objections, ADOPTS the Magistrate Judge's Report and Recommendations [Dkt. Nos. 80-81] with modification, and DENIES both of Plaintiff's requests to amend.

**BACKGROUND**

Plaintiff, proceeding *pro se*, filed his original Complaint on July 22, 2024. After obtaining leave to amend, Plaintiff filed his First Amended Complaint on October 20, 2025. Dkt. No. 53. This First Amended Complaint names nine parties: (1) David G. Mordy, an attorney licensed to practice in Oklahoma, (2) David G. Mordy, PLLC, (3) Josh Rushing, (4) Josh's Flooring and

Remodeling, Inc., (5) Carter County Clerk Kayelene Jackson, (6) "Carter County," (7) Carter County Judge Ryan Hunnicutt, and (8) Carter County Judge Dennis Morris. Dkt. No. 53 at 2.

Plaintiff alleges the Defendants perfected fraudulent liens against his property, failed to serve notice of the liens, and unlawfully enforced their liens through Oklahoma state court procedures while several Oklahoma state judges suppressed his access to court. Accordingly, Plaintiff asserts (1) a procedural due process claim under 42 U.S.C. § 1983 against "Defendants," (2) a First Amendment Retaliation/Right to Petition claim under § 1983 against "Defendants," (3) an "Equal Protection Violation," (4) a "fraud and abuse of process" claim, (5) a slander of title claim, (6) a "violation of Oklahoma Lien Statutes," (7) *Monell* liability against Carter County, and (7) a claim for "RPC Violations" against David Mordy. *Id.* at 3-5.

After several delays involving Plaintiff's two appeals to the Tenth Circuit regarding his *pro se* representation of an LLC and his unsuccessful attempt at maintaining his *in forma pauperis* status, the Magistrate Judge entered a minute order on November 6, 2025, finding that Plaintiff's deadline to effectuate service was January 7, 2026. Dkt. No. 54. Plaintiff did not file return of service by January 7, so the Magistrate Judge issued a show cause order on February 20, 2026, inviting Defendant to explain why the case should not be dismissed for failure to timely serve. Dkt. No. 65. Plaintiff responded, and the Magistrate Judge entered another order on February 26, 2026, finding no good for his failure to timely serve. Dkt. No. 68 at 4. Nevertheless, the Magistrate Judge gave him a permissive extension to serve the Defendants on or before April 27, 2026. *Id.*

Plaintiff missed this April 27 deadline too. So, the Magistrate Judge issued another show cause order on May 20, 2026. Dkt. No. 71. Plaintiff responded to that order by alleging that he "successfully served" (1) Judge Morris, Judge Hunnicut, and Carter County Clerk Jackson on May 13, 2026, (2) Carter County on May 12, 2026, and (3) Mordy and David G. Mordy, PLLC on May

12, 2026. Dkt. No. 72 at 2. He did not explain why he served those Defendants over two weeks late, nor did he file return of service as required by Fed. R. Civ. P. 4(L)(1). His response also suggested that he mailed the summons and First Amended Complaint to the Defendants in groups instead of "in a separate envelope to each defendant" as required by 12 Okla. Stat. § 2004(C)(2)(b).

Judge Hunnicutt and Carter County moved to dismiss, asserting, among other arguments, that Judge Hunnicutt had judicial and sovereign immunity and that Plaintiff did not timely serve Carter County. Dkt. Nos. 74, 76. Plaintiff responded by arguing that he "exercised diligence throughout the service process" and moved for leave to amend. Dkt. Nos. 77-78.

The Magistrate Judge issued two Report and Recommendations on August 10, 2026. Dkt. Nos. 80-81. Across both, the Magistrate Judge recommended dismissal against all of the Defendants for various reasons, including judicial immunity, failure to effect timely or proper service, and failure to state a claim under 28 U.S.C. § 1915 and Fed. R. Civ. P. 8(a). He also recommended denying Plaintiff's motion for leave to amend as futile. Plaintiff timely filed his Objections on August 17, 2026, where he posits several objections to the Magistrate Judge's findings and sets forth a separate request for leave to amend. Dkt. No. 82.

## STANDARD OF REVIEW

After a Report and Recommendation has issued, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). Any objections not properly raised, however, are waived for purposes of review by the Court. *Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015); *Silva v. United States*, 45 F.4th 1134,

1136 n. 2 (10th Cir. 2022). An objection to a report and recommendation is properly raised if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute." *Id.* "In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate." *Davis v. GEO Grp. Corr., Inc.*, No. CIV-16-462, 2023 WL 2536727, at *1 (W.D. Okla. Mar. 16, 2023) (citing *Summers v. State of Utah*, 927 F.2d 1165, 1167-68 (10th Cir. 1991)).

**ANALYSIS**

The Magistrate Judge recommends dismissal against all nine Defendants. Specifically, he recommends that Plaintiff's claim(s) against:

- *Judge Ryan Hunnicutt* be dismissed with prejudice because he has absolute judicial immunity [Dkt. No. 80 at 7];

- *Judge Dennis Morris* be dismissed with prejudice because (i) he has absolute judicial immunity, (ii) service was improper under 12 Okla. Stat. § 2004(C)(2), and (iii) service was untimely [Dkt. No. 81 at 4-5];

- *Carter County Clerk Kayelene Jackson* be dismissed with prejudice because (i) she has quasi-judicial immunity, (ii) service was improper under 12 Okla. Stat. § 2004(C)(2), and (iii) service was untimely [Dkt. No. 81 at 4-5];

- "*Carter County Clerk's Office*" be dismissed without prejudice because (i) it is an improper party, (ii) Plaintiff did not allege that he attempted service against this party, and (iii) to the extent he believes service to Jackson and Carter County constituted service to the Clerk's Office, service was improper under 12 Okla. Stat. § 2004(C)(2), and untimely [Dkt. No. 81 at 4-6];

- "*Carter County*" be dismissed without prejudice because (i) it is an improperly named party, (ii) service was improper under 12 Okla. Stat. § 2004(C)(2), (iii) service was untimely, and (iv) Plaintiff failed to state a claim pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 8(a) [Dkt. No. 80 at 8-9];

- *David G. Mordy and David G. Mordy PLLC* be dismissed without prejudice because (i) service was improper under 12 Okla. Stat. § 2004(C)(2) and (ii) service was untimely [Dkt. No. 81 at 3];
- *Josh Rushing, and Josh's Flooring and Remodeling Inc*. be dismissed without prejudice because (i) Plaintiff never effectuated service against them at all and (ii) his attempted service was improper under 12 Okla. Stat. § 2004(C)(2) and untimely [Dkt. No. 81 at 2-4].

Furthermore, during dismissal briefing, Plaintiff moved for leave to amend his complaint and attached a proposed Second Amended Complaint. Dkt. Nos. 78, 78-1. However, the Magistrate Judge found his proposed Second Amended Complaint futile and recommended denying his motion for leave to amend. Dkt. No. 80 at 10

For the following reasons, the Court agrees with the Magistrate Judge's recommendations. Plaintiff's claims are dismissed, and his motion for leave to amend is denied. Plaintiff's additional request for leave in his Objections is denied as well.

**A. Plaintiff's claims in his First Amended Complaint are dismissed.**

**1. Judge Hunnicut and Judge Morris**

Plaintiff alleges that Judge Hunnicutt and Judge Morris "enforced and ratified the effects of [David G. Mordy and David G. Mordy, PLLC's fraudulent filings] while blocking Plaintiff's access to court by denying basic accommodations and protections afforded to other litigants." Dkt. No. 53 at 2. He also alleges the Judges were "fully aware of the procedural defects and services failures, refused to void the liens, dismissed, Plaintiff's motions without hearing, [ ] conditioned access to legal relief on hiring counsel or removing his co-plaintiff LLC," and that Judge Hunnicutt "threaten[ed] sanctions when Plaintiff asserted his right to challenge the filings." *Id.* at 3. Plaintiff asserted a variety of state claims and federal § 1983 claims against "the Defendants," but he did not identify which claims were asserted against the Judges. He also sought damages, a permanent

injunction, and a declaratory judgment, but he again failed to specify which relief he sought against the Judges.

As an initial matter, the Eleventh Amendment prohibits a federal district court from granting monetary, injunctive, or declaratory relief against state officials in their official capacities for violations of state law. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *see also Corn v. Mississippi Dep't of Pub. Safety*, 954 F.3d 268, 275 (5th Cir. 2020) ("[S]tate officials cannot be sued for violations of state law in federal court, even under the *Ex Parte Young* exception."). So, to the extent that Plaintiff seeks relief against the Judges in their official capacities for violations of state law, those claims are dismissed without prejudice. *See Colby v. Herrick*, 849 F.3d 1273, 1278 (10th Cir. 2017) (stating that "[b]ecause Eleventh Amendment immunity is jurisdictional" dismissal must be without prejudice). However, for the following reasons, his remaining claims against the Judges must be dismissed with prejudice.

<u>*Damages Claims*</u>: Claims against state officials in their official capacity are claims against the state. *See Tufaro v. Okla. ex rel. Bd. of Regents of Univ. of Okla.*, 107 F.4th 1121, 1135 (10th Cir. 2024). But, "a state and state actors are not 'persons' who can be named as defendants for monetary damages" under § 1983. *Id.* Accordingly, to the extent Plaintiff seeks damages against the Judges in their official capacities for violations of *federal* law, those claims are dismissed with prejudice. *See Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1238 (10th Cir. 1999) (affirming dismissal with prejudice of § 1983 claim against a state entity and employee of state entity on grounds that neither was a "person" amendable to suit for money damages).

Furthermore, judges enjoy absolute judicial immunity from personal capacity suits for damages. *Dennis v. Sparks*, 449 U.S. 24, 27 (180); *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1156 (10th Cir. 2011). There are two exceptions to this rule: "First, a judge is not immune

from liability for . . . actions not taken in the judge's judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12. Plaintiff argues that his personal capacity claims against the Judges should not be dismissed with prejudice because the Magistrate Judge did not analyze these two exceptions. Dkt. No. 82 at 7-8. However, the Magistrate Judge expressly explained why neither exception applied. *See* Dkt. No. 80 at 6-7; Dkt. No. 81 at 5. And a finding of absolute judicial immunity warrants dismissal with prejudice. *See Smith v. Glanz*, 662 F. App'x 595, 596 (10th Cir. 2016) (affirming dismissal with prejudice based on judicial immunity); *see also Rojas v. Meinster*, 785 F. App'x 616, 671 (10th Cir. 2019) (same). So, to the extent he seeks damages against the Judges in their personal capacities, those federal and state claims are dismissed with prejudice.[1]

<u>*Injunctive Relief Claims*</u>: Plaintiff requests injunctive relief to "enjoin[ ] enforcement of the liens and requir[e] their removal." Dkt. No. 53 at 5. "[I]njunctive relief against a state official may be recovered only in an official capacity suit." *Cornforth v. Univ. of Oklahoma Bd. of Regents*, 263 F.3d 1129, 1135 n. 8 (10th Cir. 2001) (quoting *Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir. 1991)). And § 1983 expressly prohibits injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Issuing rulings for Plaintiff's state-court lien proceedings, issuing or threatening sanctions during those proceedings, and refusing to engage in ex parte communications about those proceedings are all allegations of actions or omissions taken in the Judges' judicial capacities. Plaintiff has not alleged that the Judges violated a

---

[1] Oklahoma courts recognize judicial immunity and hold that Oklahoma judges cannot be civilly liable for damages for actions taken in their judicial capacities. *See, e.g.*, *Quindlen v. Hirschi*, 284 P.2d 723, 725 (Okla. 1955); *Allen v. Zigler*, 41 P.3d 1060, 1062 (Okla. Ct. Civ. App. 2002).

declaratory decree or that declaratory relief was unavailable. Accordingly, to the extent he seeks injunctive relief against the Judges under § 1983, those claims are dismissed with prejudice. *See Pledger v. Russell*, 702 F. App'x 683, 685 (10th Cir. 2017) (directing district court to dismiss § 1983 claims for monetary damages and injunctive relief against judicial defendants with prejudice).

Declaratory Relief: Finally, Plaintiff seeks a declaratory judgment to render the liens "invalid and void." Dkt. No. 53 at 5. True, "Section 1983 does not preclude declaratory relief against a judicial officer" sued in his official capacity. *Catanach v. Thomson*, 718 F. App'x 595, 599 n. 4 (10th Cir. 2017) (citing *Lawrence v. Kuenhold*, 271 F. App'x 763, 766 (10th Cir. 2008)). But "not every plaintiff is entitled to this remedy." *Lawrence*, 271 F. App'x at 766. Rather, a plaintiff must seek a declaration of *future rights* and not "proclaim liability for a past act." *Id.* Seeking to void a state court judgment based on the past judicial conduct of a state court judge through a declaration of past liability is not justiciable. *Id.* To the extent Plaintiff's federal claims seek such relief here, those claims must be dismissed with prejudice. *Id.* at 767 (affirming dismissal with prejudice of plaintiff's claims against state court judge that sought to vacate and void the state court's judgement and return property title back to the plaintiff).

**2. Carter County Clerk Jackson**

Plaintiff also argues that the Magistrate Judge erred when he dismissed Jackson on quasi-judicial immunity grounds. Dkt. No. 82 at 6. In his view, Jackson was sued for performing "a ministerial recording function" (i.e., accepting and recording an instrument in the county land records), not a judicial one. *Id.* Thus, he contends she is not entitled to quasi-judicial immunity. But the Court need not decide this issue—the Magistrate Judge also found that Plaintiff improperly

and untimely served Jackson, and Plaintiff does not object to that finding. So, Plaintiff's claims against Jackson are dismissed on service-related grounds, resulting in dismissal without prejudice.

**3. Remaining Defendants**

Similarly, Plaintiff does not object to the Magistrate Judge's finding that he untimely and improperly served "Carter County," nor does he object to the finding that he failed to state a claim pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 8(a). He also does not argue that he ever served the Carter County Clerk's Office or that service was proper and timely. Finally, he does not contend that he timely and properly served the remaining Defendants either. Thus, the Court agrees these claims should be dismissed without prejudice.

**B. The Magistrate Judge did not err in refusing to grant another permissive extension.**

Plaintiff also argues the Magistrate Judge should have granted a permissive extension to serve the Defendants based on *Espinoza v. United States*, 52 F.3d 838 (10th Cir. 1995). *Espinoza* requires the Court to analyze whether Plaintiff has shown good cause for the failure to timely effect service. *Espinoza*, 52 F.3d at 841. If Plaintiff demonstrates good cause for the delay, the Court must grant an extension of time. *Id.* If Plaintiff fails to establish good cause, the Court must decide if Plaintiff should be granted a permissive extension of time. *Id.*

However, the Magistrate Judge gave Plaintiff a permissive extension based on *Espinoza* after Defendant failed to timely serve the Defendants the first time. *See* Dkt. No. 68 at 4 (citing *Espinoza* and "grant[ing] Plaintiff a permissive extension of sixty days from the date of this Order, or until April 27, 2026, to effectuate proper service under Fed. R. Civ. P. 4."). The Magistrate Judge even allowed him to serve the Defendants by alternative service of process using certified U.S. Mail. Dkt. No. 70. Yet, Plaintiff squandered his second chance and failed to timely serve any Defendant. Then, when the Magistrate Judge gave him an opportunity to show why he was entitled

to *a second permissive extension*, Plaintiff did not explain why he missed the April 27 deadline. *See* Dkt. No. 72. The Magistrate Judge properly weighed these facts in refusing to grant another permissive extension. Plaintiff's objection is overruled.

**C. Plaintiff's "proposed Second Amended Complaint" is futile.**

During dismissal briefing, Plaintiff moved for leave to amend his complaint with a "proposed Second Amended Complaint." Dkt. Nos. 78, 78-1. However, the Magistrate Judge found that proposed Second Amended Complaint futile because it failed to identify "what actions each Defendant took in committing these alleged acts" and "ma[de] no specific allegations as to any of the [ ] Defendants." Dkt. No. 80 at 10 (citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008)). Defendant objects, arguing that his proposed pleading "name[d] each Defendant and described what each did." Dkt. No. 82 at 3.

The Court disagrees. The proposed Second Amended Complaint asserts three claims against "Defendants" and contains vague allegations that "Defendants causes liens to be recorded and maintained against Plaintiff's properties without constitutionally adequate notice," that "Defendants published and maintained lien claims against Plaintiff's properties through official county land records," and that "Defendants . . . knew or reasonably should have known the disputed liens were subject to alleged perfection and notice defects." Dkt. No. 78-1, ¶¶ 59, 63, 65. None of these claims allege *which* Defendant did *what*. The Magistrate Judge properly found that his Proposed Second Amended Complaint was futile and that leave to amend should be denied.

**D. Plaintiff's additional Motion for Leave to Amend is denied.**

Finally, Plaintiff attached a "corrected Second Amended Complaint" ("Corrected Complaint") to his Objections, which is different from the "proposed Second Amended

Complaint" he submitted to the Magistrate Judge. Dkt. No. 82-1. Plaintiff seeks leave to file this Corrected Complaint as the new, operative complaint in this case. Dkt. No. 82 at 8.

Plaintiff brought this action over two years ago. Dkt. No. 1. Since then, Plaintiff has filed a deficient amended complaint [Dkt. No. 53] and tried to file another deficient complaint [Dkt. Nos. 78, 78-1], which the Court denied above. The Court also notes that his motions for leave to amend with his "proposed Second Amended Complaint" and his "corrected Second Amended Complaint" did not comply with Local Rule 7.1(b), (k), which requires such motions to be filed as separate pleadings. Furthermore, Plaintiff has also failed to timely and properly serve most—if not all—of the Defendants listed in these deficient complaints. And he failed to do so despite the numerous instructions, extensions, and warnings the Magistrate Judge gave him. Ultimately, "dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005). Because Plaintiff has repeatedly done so here, the Court denies leave to amend and dismisses this case.

## <u>CONCLUSION</u>

IT IS THEREFORE ORDERED that:

- Plaintiff's Objections [Dkt. No. 82] are OVERRULED;
- the Magistrate Judge's Report and Recommendation [Dkt. No. 80] is ADOPTED with modification;
- the Magistrate Judge's Report and Recommendation [Dkt. No. 81] is ADOPTED with modification.;
- Defendant Judge Hunnicutt's Motion to Dismiss [Dkt. No. 74] and Defendant Carter County's Motion to Dismiss [Dkt. No. 76] are GRANTED;
- Plaintiff's Motion for Leave to file a Second Amended Complaint [Dkt. Nos. 78, 78-1] is DENIED; and

- Plaintiff's additional motion for leave in his Objections [Dkt. Nos. 82 at 8, 82-1] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's First Amended Complaint [Dkt. No. 53] is DISMISSED. To the extent Plaintiff seeks relief against Judge Hunnicutt and Judge Morris in their official capacities for violations of state law, those claims are dismissed without prejudice. His remaining claims against Judge Hunnicutt and Judge Morris are dismissed with prejudice. Finally, his claims against the remaining Defendants are dismissed without prejudice.

Dated this 14th day of September, 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE